IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH WAYNE HOUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-883-STE |
| | ) | |
| NANCY BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's: (1) Motion for Attorney Fees Under 42 U.S.C. § 406(b), seeking an award in the amount of $25,000.00 and (2) Motion for Award of Attorney's Fees Under the Equal Access to Justice Act (EAJA), seeking an award in the amount of $7,013.80. (ECF Nos. 26 & 27). The Commissioner has responded to the §406(b) motion, and does not object. (ECF No. 28). Construing the §406(b) motion as filed pursuant to Fed.R.Civ.P. 60(b)(6),[1] and in light of *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002) and for the reasons set forth below, the Court **GRANTS** the §406(b) motion, (ECF No. 26) and **STRIKES** the EAJA fee request (ECF No. 27).

### I. PROCEDURAL BACKGROUND

Plaintiff Kenneth Housh retained the Hedrick law firm to appeal the SSA denial of his application for disability insurance benefits. (ECF No. 26-1). The contract between Mr. Housh and the Hedrick law firm provided for payment of an attorney fee contingent upon

---

[1] *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) (stating "Substantial justice will be served by allowing counsel to seek § 406(b)(1) fees under the authority of Rule 60(b)(6).").

Mr. Housh prevailing before the federal court and ultimately being awarded benefits by the SSA. (ECF No. 26-1). Under the contract, Mr. Housh agreed to an attorney fee in the amount of twenty-five percent of any past-due benefits awarded. *See* ECF No. 26-1.

Plaintiff prevailed in federal court. In an Order and Judgment dated August 31, 2018, the Court reversed the decision of the SSA and remanded the case to the Commissioner for an immediate award of benefits. (ECF Nos. 22 & 23). On remand, Plaintiff was awarded past-due benefits totaling $190,590.00. (ECF No. 26-2). Pursuant to 42 U.S.C. §406(b), and citing to the contractual agreement between the parties and *Gisbrecht v. Barnhart*, Plaintiff requests a fee award in the amount of $25,000.00. (ECF No. 26).

## II. FEES FOR REPRESENTATION

Congress has prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims. *See* 42 U.S.C. § 406. Section 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart,* 535 U.S. 789, 794 (2002). Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully

representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. at 789. For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.* If attorney fees are also awarded under EAJA, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575 (10th Cir. 1986).

## III.   AWARD OF §406(b) FEES

Ms. Hedrick has requested §406(b) fees in the amount of $25,000.00, and has attached a detailed billing summary reflecting 5.3 hours of work performed in 2017 and 29.7 hours of work performed in 2018. (ECF No. 26-3). The amount requested reflects less than 25% of the total awarded past-due benefits, which would equal $47,647.50, and is, therefore, in line with both the contractual agreement and § 406(b). Based on the parties' submissions, the Court finds this amount to be reasonable.

## IV.   PLAINTIFF'S EAJA MOTION

As stated, Plaintiff has contemporaneously filed a separate motion for fees under EAJA. *See* ECF No. 27. But because the EAJA fee reflected a lesser amount than that requested in the §406(b) motion, Plaintiff's attorney agreed to withdraw the EAJA motion if the Court agreed to a §406(b) award in the amount requested. (ECF No. 26:13-14). In light of the Commissioner's lack of objection to the requested §406(b) award and the Court's award of the requested amount, the Court will strike Plaintiff's EAJA fee motion as moot.

**ORDER**

The Court **GRANTS** Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), **(ECF No. 26)** and **STRIKES** Plaintiff's EAJA Motion **(ECF No. 27)** as **MOOT**. Plaintiff's attorney, Melissa Hedrick, is awarded attorney's fees in the amount of **$25,000.00**, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. 406(b)(1)(A). The SSA shall pay this amount directly to: Melissa S. Hedrick, Hedrick Law Firm, 3721 N. Classen Blvd., Oklahoma City, OK 73118.

ENTERED on January 3, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE